## WARREN and others *v.* YOUNGER.

(*Circuit Court N. D. Texas.* January 7, 1884.)

DEPOSITIONS—FEDERAL COURTS—ACT OF 1789.

The United States circuit court, sitting in a state where, by state laws, depositions of witnesses can be taken only on commission, can authorize commissions to take depositions of witnesses, to be issued, executed, and returned in the manner and subject to the regulations prescribed by the laws of such state, and the restrictions limiting the use of depositions taken *de bene esse* do not apply.

Motion for New Trial.

*James B. Simpson,* for the motion.

*Jasper N. Haney,* opposed.

McCORMICK, J. The defendant presents numerous grounds on which he bases his motion for a new trial in this case, but they will not be separately considered, as the only one which is relied on or was urged in argument is, in substance, that the court erred in admitting testimony taken on commission in the manner prescribed by the laws of Texas. The question involved in this ground of the motion was presented to this court soon after the organization of this district, as it was connected with the question of diligence to be shown on application for continuance. And I held that service of a subpœna and tender of the fees, where the witness resided within 100 miles of the place of trial, was sufficient diligence to be shown on a first application for continuance. The question as to the admissibility of evidence taken by deposition in the manner prescribed by the laws of Texas has also been suggested when such evidence has been offered, but, as far as I now remember, has never been pressed with full argument and citation of authorities until now. I have been admitting such testimony over objections, when such have been made. A late decision in the Western district of Texas (*Randall v. Venable,* 17 FED. REP. 162) has directed fresh attention to the question on the part of the bar of this district; and the elaborate and emphatic opinion of the learned district judge of that district in support of his ruling suppressing a deposition so taken, has induced me to look more carefully into the question than I had before done or considered necessary to be done.

The laws of Texas prescribe:

"Art. 2219. The party wishing to take the deposition of a witness in a suit pending in court shall file with the clerk  *  *  *  a notice of his intention

to apply for a commission to take the answers of the witness to interrogatories attached to such notice. The notice shall state the name and residence of the witness or the place where he is to be found and the suit in which the deposition is to be used; and a copy thereof and of the attached interrogatories shall be served upon the adverse party or his attorney of record, five days before the issuance of a commission."

"Art. 2223. Whenever one party may file interrogatories for the purpose of taking the deposition of a witness the opposite party may file cross-interrogatories at any time before the commission issues, and a copy of the same shall accompany the direct interrogatories, and shall be answered and returned therewith.

"Art. 2224. After service of the notice of filing the interrogatories has been completed, the clerk  *   *   *   shall issue a commission to take the deposition of the witness named in the notice."

Subsequent articles prescribe that the commission shall be addressed (if the witness be alleged to reside or be within this state) to any clerk of the district court, any judge or clerk of the county court, or any notary public of the county where the witness is alleged to reside or be, and shall authorize and require them, or either of them, to summon the witness and take his answers under oath, to the interrogatories, which answer shall be reduced to writing, and shall be signed and sworn to by the witness, and the officer shall certify that the answers of the witness were signed and sworn to by the witness before him. The manner of returning the deposition is fully prescribed, but presents no feature requiring notice here.

"Art. 2239. Either party to a suit may examine the opposing party as a witness upon interrogatories filed in the cause, and shall have the same process to obtain his testimony as in the case of any other witness, and his examination shall be conducted, and his testimony shall be received, in the same manner and according to the same rules which apply in the case of any other witness, subject to the provisions of the succeeding articles of this chapter."

These articles are:

"Art. 2240. It shall not be necessary to give notice of the filing of the interrogatories or to serve a copy thereof on the adverse party before a commission shall issue to take the answers thereto. Nor shall it be any objection to the interrogatories that they are leading in their character.

"Art. 2241. A commission to take the answers of the party to the interrogatories filed shall be issued by the clerk, and be executed and returned by any authorized officers, as in other cases.

"Art. 2242. The party interrogated may, in answer to questions propounded, state any matter connected with the cause and pertinent to the issue to be tried, and the adverse party may contradict the answers by any other competent testimony in the same manner as he might contradict the testimony of any other witness.

"Art. 2243. If the party interrogated refuse to answer the officer executing, the commission shall certify such refusal, and any interrogatory which the party refuses to answer, or which he answers evasively, shall be taken as confessed.

"Art. 2244. The party interrogated may upon the trial of the cause take exception to the interrogatories on the ground that they are not pertinent, and to the answers that they are not competent evidence."

In all their essential features the foregoing articles have been the law of Texas on that subject from 1846, the year of her annexation to the United States, until the present time, and the common usage of her courts corresponds thereto. Prior to 1879 the territory compos-ing this district was embraced in the western district of Texas. In 1872, Mr. Justice BRADLEY, being then the circuit justice of this circuit, and the venerable and learned Judge THOMAS H. DUVAL, since deceased, being the district judge of the Western district of Texas, sitting together at Austin, adopted a rule, numbered in their set of rules 15, which reads as follows:

"15. Commissions to take examinations of witnesses and depositions, and all testimony in a cause, may be taken in the manner and subject to the regulations so far as the same are applicable, *mutatis mutandis,* prescribed by the laws of the state of Texas."

Soon after the organization of this district, Mr. Justice WOODS, then the circuit judge for this circuit, and now the circuit justice, being present and presiding at an adjourned term of this court at this point, on the second of April, 1880, this court adopted a set of rules, one of which is our rule 14, identical in its language with the rule 15 in the Western district above set out. It is insisted that this rule means nothing affirmatively. In my opinion such a construction of it does manifest violence to its terms. It appears to me to invite and author-ize parties to apply for commissions to take depositions in all cases where by the state law they would be entitled to them if the suit were in the state court, and to authorize and require the clerk of this court to issue the commission in such cases in the manner prescribed by the laws of Texas. If the rule does not mean this, it may well be in-sisted that it means nothing. But to thus hold involves a reflection which I would be loth to make on the very able and distinguished jus-tices of the supreme court who participated in the adoption of this rule. I prefer, therefore, to assume that the rule is not without affirmative meaning, and that it was intended to permit and authorize testimony to be taken by deposition in the manner prescribed by the laws of Texas. Can this be done where the witness lives at a distance not greater than 100 miles from the place of trial? In Ohio, where, before 1855, by a rule of court, depositions were admitted to be taken under the state law, it was held that "in adopting the state practice, the court did not dispense with the requirements of the act of congress which authorizes depositions to be taken where the witness lives more than one hundred miles from the place where the case is tried. The adoption of the state law only referred to the form and mode of tak-ing depositions." *Curtis* v. *Central Ry.* 6 McLean, 403. And in that case, it not being made to appear that the witness lived more than 100 miles from the place of trial, the deposition was suppressed.

The manner of taking depositions, by the state law of Ohio, must have impressed depositions so taken with the character of depositions *de bene esse,* as provided for in the enacting part of section 30 of the

act of September 24, 1789, now sections 863, 864, and 865, Rev. St., for it is only against such depositions that the restriction as to distance applies. Section 866, Rev. St.; *Sergeant's lessee* v. *Biddle*, 4 Wheat. 508. Depositions *de bene esse,* as provided for in the act of 1789, have never been favored by the courts of the United States; and as early as 1851 the supreme court declared: "There is now seldom any necessity for having recourse to this mode of taking testimony." *Walsh* v. *Rogers*, 13 How. 283. The distinguishing feature of this method of taking testimony, and which rendered it obnoxious to this severe criticism, was that it permitted *ex parte* depositions without notice. This has been somewhat relieved by the act of the ninth of May, 1872, but the method of taking depositions *de bene esse*, still permitted by section 863 of the Revised Statutes, bears no analogy to the manner of taking depositions as prescribed by the laws of the state of Texas. It hardly expresses the full force of the act of 1789, to say that it authorized the courts of the United States to grant commissions to take depositions in any case where it is necessary to prevent a failure or delay of justice. The language is: "Nothing herein shall be construed to prevent," etc., plainly implying that such a power was then understood to be an essential element in the constitution of such courts as that act ordained and established. These commissions might be issued when it may be necessary to prevent a failure or delay of justice, and the deposition was to be taken according to common usage. Of the necessity of the case, it seems to me, the fullest discretion is here permitted in determining when it is necessary that a commission should issue to prevent a failure or delay of justice. But if the term, "according to common usage," relates also to the granting of the commission as well as the manner of taking the deposition, it is equally manifest that the reference must have been to the usage of the state courts, for then there were as yet no other courts in the United States. And while it is reasonably certain that a usage of granting commissions to take depositions was common to the courts of all the states, it is hardly less certain that the methods of granting them and executing them were not identically the same in all the states; and it appears to me that the whole structure of the judiciary system of the United States authorizes the view that this reference to common usage is to the usage of the state courts in the particular state where the United States court is to be held.

It is difficult, after the lapse of three generations, to determine what was common usage in 1789. It is the universal experience that most of our knowledge of the common usage of courts is absorbed by us in the atmosphere of the courts; that it is perpetuated by tradition, and only partial and unsatisfactory, and often delusive glimpses of it can be caught now and then in text-books and reports. This usage, like the usage or general custom of trade, has life in itself and grows to meet the calls of the growth of the business to

which it relates.    In the state courts in this state all cases, at the option of either party, must, on issues of fact, be tried before a jury. The common law of England, as now practiced and understood in its application to evidence, is the general rule enjoined by statute upon the courts of this state.    All the provisions of the Texas statute in reference to taking depositions are manifestly made "in order to prevent a failure or delay of justice."    And I do not perceive any sound reason to forbid the courts of the United States in this state granting commissions to take depositions in every case where the parties could obtain such a commission, if the suit or *action* was in the state courts.    If we can and should so grant them, we may order the clerk to issue them in all such cases by a general order or a rule of court, to relieve the judges from receiving and acting upon separate applications and the parties from the inconvenience and uncertainty of finding one of the judges of the court.    Nor do I perceive any difficulty in the fact that the commission issues to any clerk of the district court, judge or clerk of the county court, or any notary public of (say) Dallas county, Texas.    It is matter of common knowledge that, either under rules of court or consent of parties, the testimony of witnesses living out of the county where the case is to be tried, has heretofore commonly been taken by deposition, and must always of necessity continue to be so taken in this state.    And, if the circuit court cannot do what I conceive we have tried by our rule 14 to do, parties litigating in this court will be practically remitted to the grace and courtesy of their adversary.    In the absence of controlling authority, I am unwilling to so limit the power of this court.

The motion for new trial is refused.