# HUTCHINS *v.* HUTCHINS.

---

### COURTS; TRIAL; WITNESSES; DEPOSITIONS; STATUTES.

1. The supreme court of the District of Columbia holding a session for the trial of a caveat to the probate of a will is a court of common law, and not of equity. (Citing *Craighead* v. *Alexander,* 39 App. D. C. 229, Ann. Cas. 1913C, 847.)

2. The mode of trial at common law involves the production of witnesses and their examination in open court; and depositions of witnesses can only be substituted therefor by statutory authority. (Citing *Anacostia & P. River R. Co.* v. *Klein,* 8 App. D. C. 75.)

3. The provisions of D. C. Code, prescribing the manner of taking depositions, supersede all other legislation on the subject, and govern the practice in the courts of the District.

4. The supreme court of the District of Columbia has no power to order depositions of witnesses residing beyond the sovereignty of the United States to be taken by oral examination, and the same must be taken conformably to the concluding provision of sec. 1058, D. C. Code (31 Stat. at L. 1354, chap. 854), declaring that when the testimony of any witness residing in any place not within the sovereignty of the United States is desired in any cause pending in any court of the District, the same may be taken upon interrogatories and cross interrogatories filed in said court, and transmitted by said court,

under letters rogatòry addressed to some court of record in the
foreign state in which the witness is to be found,—although that
section, after providing that depositions may be taken by oral ex-
amination in a place under the sovereignty of the United States,
also provides that in any case where the interest of justice may
require, the supreme court of the District may grant a *dedimus
potestatem* to take depositions according to common usage, and may,
according to the usages of chancery, direct depositions to be taken
*in perpetuam rei memoriam,* if they relate to any matters that might
be cognizable in any court in the United States, and sec. 1060 of the
Code provides that on motion in any common-law action the court
may order a commission to take the deposition of any witness
residing or being out of the District, orally or on interrogatories
and cross interrogatories, to accompany the commission.

5. The expediency of the requirement in D. C. Code sec. 1058, that deposi-
tions of witnesses residing beyond the sovereignty of the United States
are to be taken upon interrogatories and cross interrogatories trans-
mitted by letters rogatory to some court of record where the witness
resides, although oral examinations only are required for witnesses
outside the District but within the sovereignty of the United States,
was one for the exclusive determination of Congress.

No. 2612.    Submitted December 8, 1913.    Decided January 5, 1914.

HEARING on an appeal (specially allowed) from an order of
the Supreme Court of the District of Columbia, holding a pro-
bate court, granting a commission to take depositions of certain
witnesses in foreign countries on oral examination.

                                                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is a special appeal allowed from an order of the supreme
court of the District granting a commission to take depositions
of certain witnesses in foreign countries.

Appellees, Walter Stilson Hutchins, and Charles L. Frailey,
as caveatees in a caveat filed by the appellant, Lee Hutchins,
to the probate of the will of Stilson Hutchins, deceased, moved
for a commission to take depositions of witnesses in said pro-
ceeding who reside in Great Britain and France,—the names
of. the witnesses and the places of taking depositions being set

out.  Over the objection of the caveator, the court entered an order for commissions to issue to take the depositions on oral examination.  The objection of the caveator was that the court had no power to pass an order for the oral examination of witnesses residing beyond the sovereignty of the United States.

The single question presented is whether the court has the power to issue a commission for the oral examination of witnesses living in a foreign country?  The contention of the caveator is that such examinations can be had only upon interrogatories and cross interrogatories in writing.

*Mr. J. J. Darlington, Mr. Myer Cohen,* and *Mr. William G. Johnson,* for the appellant:

1.  There was no common-law power to take depositions out of court.  Bl. Bk. III. pp. 381–385; 2 Tidd, Pr. 4th Am. ed. 1856, p. 810; Cox, Common Law Pr. p. 88.

2.  The statute does not authorize the taking of depositions orally of a witness without the sovereignty of the United States. *Ex parte Fish,* 113 U. S. 713; 2 Dan. Ch. Pl. & Pr. Perkins ed. pp. 1084, 1085; *The Argo,* 2 Wheat. 287.

*Mr. R. Ross Perry, Mr. Edward H. Thomas,* and *Mr. Charles H. Merillat,* for the appellees:

1.  The judiciary act provided for taking depositions of witnesses in foreign countries under a *dedimus potestatem,* and the Federal courts frequently have ruled foreign depositions might be so taken, instead of by letters rogatory, the latter being merely resorted to in the last extremity.  *Stein* v. *Bowman,* 13 Pet. 209–219; *Buddicum* v. *Kirk,* 3 Cranch, 293–297; *Irving* v. *Sutton,* 1 Cranch, C. C. 575; *Frevall* v. *Bache,* 5 Cranch, C. C. 463; *Nelson* v. *United States,* Pet. C. C. 235, Fed. Cas. No. 10,116; *Winthrop* v. *Union Ins. Co.* 2 Wash. C. C. 7; *Peters* v. *Prevost,* 1 Paine, C. C. 64–67; *Walsh* v. *Walsh,* 3 Cranch, C. C. 651.

2.  Common usage means the usage in force in 1874, when

the Revised Statutes were adopted.  Prior to that time by amendment to rule 67 the supreme court had by rule declared oral examination should be the rule, and examination by written interrogatories the exception.  Since that time the Federal courts have repeatedly, over objection, directed that foreign depositions should be taken orally under a *dedimus.  United States* v. *Fifty Boxes of Lace,* 92 Fed. 601; *Bischoffschein* v. *Baltzer,* 10 Fed. 1; *Cortes Co.* v. *Tannhauser,* 18 Fed. 667; *Holliday* v. *Schultzeberge,* 57 Fed. 660; *Encyclopedia Britannica Co.* v. *Werner Co.* 138 Fed. 461; *Zych* v. *American Car Co.* 127 Fed. 724; *Hollander* v. *Baiz,* 40 Fed. 659; *Compania Ayucarera Cubana* v. *Ingraham,* 180 Fed. 516; *Maryland Trust Co.* v. *Kirby Lumber Co.* 149 Fed. 443.

3. The State courts have held foreign depositions should be taken orally, preferably by commission, that letters rogatory should be resorted to only in the last extremity, and that the commission could, if necessary, have witnesses sworn by local foreign officers.  *Lincoln* v. *Batelle,* 6 Wend. 475; *Anonymous,* 59 N. Y. 313; *Ferrie* v. *Public Administrator,* 3 Bradf. 264; *Farnsworth* v. *Pierce,* 7 Vt. 83.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The supreme court of the District of Columbia holding sessions for the trial of the caveat to the probate of a will is a court of common law, and not of equity.  *Craighead* v. *Alexander,* 39 App. D. C. 229, 234, Ann. Cas. 1913C, 847; and cases there cited.

The mode of trial at common law is by the production of witnesses and their oral examination in open court.  Depositions of witnesses can only be substituted therefor by statutory authority.  *Bell* v. *Morrison,* 1 Pet. 351, 355, 7 L. ed. 174, 176. As early as 1773, a statute of Maryland authorized the taking of depositions upon commissions issued therefor, with interrogatories to the witnesses.  Acts 1773, chap. 7, sec. 7; D. C. Comp. Stat. 568, sec. 19.  This act continued to govern in the

District of Columbia, after its cession by Maryland under the act of Congress of 1801, though it seems to have been treated as obsolete. *Anacostia & P. River R. Co.* v. *Klein,* 8 App. D. C. 75, 79. It seems to have been the practice of the early circuit court of the District of Columbia to take depositions *de bene esse* and under a *dedimus potestatem* as provided in the judiciary act of 1789. See U. S. Rev. Stat. secs. 863 and 866, U. S. Comp. Stat. 1901, pp. 661, 663. Sec. 863 authorized a commission to take the depositions of witnesses *de bene esse* who lived more than 100 miles from the place of trial, or were bound on a voyage at sea, or were about to go out of the United States, or the district of trial, or when ancient or infirm. Such depositions were intended to be taken upon oral examination of witnesses before the officer to whom the commission might be issued. The section does not apply to witnesses residing in a foreign county. Sec. 866 authorized a *dedimus potestatem* to "take depositions according to common usage." It is general in its terms, and does not designate the places to which the *dedimus potestatem* shall issue. Upon the change in the organization of the courts of the District of Columbia, the supreme court of the District, under power conferred by Congress to make rules of practice, made a rule for the taking of depositions in proceedings at law and in equity; but the rule for the courts of law does not seem to have been continued in the revision of the rules in March, 1894. *Anacostia & P. River R. Co.* v. *Klein,* 8 App. D. C. 75, 81. The Revised Statutes of the District of Columbia, approved June 22, 1874, conferred the power to take depositions, under certain conditions, in criminal cases (sec. 881), and provided in sec. 894 for the taking of depositions of witnesses to a will offered for probate, "in such manner as the court may prescribe, touching the execution of said will or codicil, and the competency of the testator at the time of the execution thereof."

The latest legislation relating to this subject is found in the Code of the District of Columbia which went into effect January 1, 1902. Sec. 26 [31 Stat. at L. 1194, chap. 854] relates to depositions to be used in the municipal court, and provides

that depositions of nonresident witnesses shall be taken on written interrogatories and cross interrogatories. Sec. 132 [31 Stat. at L. 1211, chap. 854] provides for taking the depositions of attesting witnesses to wills offered for probate. Sec. 144 provides that commissions may issue to take the depositions of nonresident witnesses. Sec. 922 [31 Stat. at L. 1339, chap. 854] relates to criminal cases, and is substantially a re-enactment of sec. 881, Revised Statutes D. C. Sec. 1058 provides for depositions *de bene esse* of witnesses, among others, who live beyond the District of Columbia; but they can only be taken in a place "under the sovereignty of the United States." The examination is oral. After elaborate provision for the foregoing, the section concludes as follows: "In any case where the interests of justice may require, the supreme court of the District of Columbia may grant a *dedimus potestatem* to take depositions according to common usage, and may, according to the usages of chancery, direct depositions to be taken *in perpetuam rei memoriam,* if they relate to any matters that might be cognizable in any court of the United States. When the testimony of any witness residing in any place not within the sovereignty of the United States is desired in any cause pending in any court of the District of Columbia, the same may be taken upon interrogatories and cross interrogatories filed in the said court, and transmitted by said court under letters rogatory, addressed to some court of record in the foreign state in which said witness is then to be found." [31 Stat. at L. 1354, chap. 854.]

Another section (1060) provides that, on motion made in any common-law action, the court may order a commission to take the deposition of "any witness residing or being out of the District [orally or], on interrogatories and cross interrogatories" to accompany the commission. Such depositions are not to be admitted if at the time of the trial the attendance of the witness can be obtained by the process of the court. The sections of the Code supersede all former legislation upon the subject, and govern the practice in the courts of the District. The question presented depends upon their construction. To as-

certain the meaning of secs. 1058 and 1060 they must be considered together. So considered, we are of the opinion that it was intended to make a distinction between nonresidents of the District, residing at the time in some state or country under the sovereignty of the United States, and those residing in countries not within such sovereignty. Otherwise the clause of 1058 relating to witnesses in the countries not within the sovereignty would be practically ignored. As this distinction is made in 1058 it seems to us that other clauses of the two sections must be construed as applying to those witnesses outside of the District who, at the same time, are within the sovereignty of the United States. The distinction made between the two classes of witnesses in the matter of depositions was probably due to the fact that some foreign nations have regarded the execution of a commission by a person named by a foreign tribunal as an assumption of sovereign power that was not permissible, and hence would recognize no other form of commission but letters rogatory. Be this as it may, the clause of 1058 expressly provides that to take the testimony of a witness in a foreign country, letters rogatory shall issue, addressed to some court of record therein, accompanied by the interrogatories and cross interrogatories propounded to the witness.

The expediency of this distinction was one for the exclusive consideration and determination of Congress; we are concerned only with the ascertainment of its intention.

Our conclusion is that there was error in directing the commission to issue over the objection of the caveator, to take the depositions in the manner prescribed. For that reason the order is reversed, with costs, and the cause remanded for further proceedings.                                              *Reversed.*