93 A.2d 770 (1953)
UNITED STATES AUTO. ASS'N
v.
ALEXANDER FILM CO.
No. 1287.
Municipal Court of Appeals District of Columbia.
Submitted December 1, 1952.
Decided January 13, 1953.
Rehearing Denied February 4, 1953.
J. Benjamin Simmons and Harry L. Horton, Washington, D. C., for appellant.
Robert F. Young, Washington, D. C., for appellee.
Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.
QUINN, Associate Judge.
This was a suit to recover the balance due on two contracts between plaintiff and defendant. From the trial court's finding and judgment for plaintiff, defendant brings this appeal.
In 1949 plaintiff contracted to make a series of advertising films for the defendant automobile association. The two contracts were signed by one Koelman, defendant's district manager. Following execution of the contracts, the films were produced by plaintiff. At the trial Koelman was the sole witness for both plaintiff and defendant. *771 He testified that after viewing a sample run of the film it was agreed that it did not properly depict the colors in defendant's emblem. He also stated that it was agreed that plaintiff would begin running the film and when the colors were corrected defendant would receive a re-run to cover the period during which the emblem was defective. Koelman further testified that to his knowledge the emblem was never corrected because no notification was ever received from the plaintiff.
As defendant's witness, Koelman testified that at the time he signed the contracts he was neither an officer nor a director of the defendant corporation and that the contracts were never presented to any of the officers or directors for their consideration.
The first assignment of error is that plaintiff failed to show that the contracts on which suit was predicated were legally executed. The contracts, which were in evidence, were signed by the district manager in the place provided for the "Owner or Authorized Agent." In addition, Koelman stated that he had signed these contracts while he was the district manager. As we have recently said, "The designation of manager implies general power and permits reasonable inferences that the employee so designated was invested with the general conduct and control of his employer's business."[1] Moreover, there is in the record ample evidence to show ratification of these contracts by the defendant.
The plaintiff introduced a letter from the defendant dated approximately seven months after the date of the contracts. This letter was signed by Koelman as district manager and admitted the existence of the contracts, but made no reference to the agreement concerning the correcting of the defective colors. It also admitted that there was a balance due and discussed the manner of paying same. There was no testimony offered at the trial that Koelman did not have authority to act in this capacity in behalf of the defendant. In addition to the above letter, defendant introduced a copy of a letter also signed by Koelman as district manager which it had sent to plaintiff approximately one year after these contracts had been executed. There again defendant admitted the existence of the contracts, made no reference to any subsequent agreement, and enclosed a check for $400 in payment of the balance. This in itself constituted an admission of his agency. It should be noted that these exhibits were not included in the record presented to this court, but under our rule 32(c) we sent for and examined the file of the trial court and found therein the exhibits referred to. We think it timely to call to the attention of attorneys the necessity of bringing up to this court records which are complete in order that a proper determination may be made of the issues presented.
Defendant also claims that there was no evidence as to the amount of damages sustained. However, the record shows otherwise. The agreed statement on appeal concludes with the statement, "* * * [there] are other exhibits in the record and it is agreed by and between counsel that those exhibits were offered and received in evidence and are hereby made a part of this stipulation." This statement is signed by counsel for both parties and the trial judge. In the absence of any statement in the record to the contrary, we are bound by this statement and must assume these exhibits to have been received in evidence and considered by the court. These exhibits consist of two contracts, to which is attached a detailed statement of account entitled "Invoice" on plaintiff's letterhead showing debits and credits and the balance due. Since this "Invoice" was not controverted in any way by defendant, it furnished a reasonable basis to support the court's finding on the element of damages.
Defendant finally argues that the oral agreement made by plaintiff with regard to correcting the defects in the color of defendant's emblem constituted a condition of the written contracts. Defendant claims this condition was never fulfilled, that there was a failure of performance on *772 plaintiff's part, and that plaintiff therefore had no right to recover on these contracts. With this argument we do not agree.
The record as presented on this appeal merely recites: "That it was agreed by [plaintiff's salesman] and Mr. Koelman that they would begin to run the film and when the emblem was corrected that the plaintiff would receive a re-run to cover the entire period of the runs for the period while the emblem was defective; Mr. Koelman testified that to his knowledge the emblem was never corrected because the plaintiff nor its agents ever contacted him to advise him that they had been able to correct the emblem." As this agreement was made subsequent to the written contracts, it should be construed as an oral modification to the written contracts, rather than as a condition subsequent. Whether such an oral modification was made or not was a question of fact.[2] In the determination of this question there was ample evidence to support the court's finding.
Affirmed.
NOTES
[1] Manning v. Lamb, D.C.Mun.App., 89 A.2d 882.
[2] Crown Central Petroleum Corp. v. Consolidated Oil Co., 5 Cir., 85 F.2d 429, certiorari denied, 299 U.S. 600, 57 S.Ct. 193, 81 L.Ed. 443.