See also 141 F.Supp. 402.

## UNITED STATES of America
### v.
### PARAFFIN WAX, 2255 BAGS.

Karl BURGI and Anna Nee Tobler, doing business as K. Burgi-Tobler & Company, Third Party Plaintiff,

### v.

### BAIRD CHEMICAL CORPORATION,
Third Party Defendant.

### Misc. No. 1977.

United States District Court
E. D. New York.

March 6, 1959.

Bigham, Englar, Jones & Houston, New York City, for third party plaintiff, Sheldon A. Vogel, New York City, of counsel.

Benjamin, Galton & Robbins, New York City, for third party defendant, David E. Schwab, II, New York City, of counsel.

**BRUCHHAUSEN, District Judge.**

The third party plaintiff, K. Burgi-Tobler & Company, moves for the issuance of letters rogatory, pursuant to Rule 28(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., directed to the appropriate Court in Switzerland, requesting the examination of Karl Burgi, an associate of the said Company, and Hans Schulthiss, a former employee, on written interrogatories and cross-interrogatories.

The movant desires to obtain this evidence for use at the trial, thus avoiding the attendance of the witnesses, one of whom is claimed to be of advanced age and in poor health and the other, not within the movant's control and direction, and also avoiding expense.

The third party defendant opposes an examination by interrogatories for the reason that it will thereby be deprived of the opportunity of cross-examining important witnesses on crucial elements of the case. Its plea is for a denial of the motion or in the alternative that this Court direct issuance of letters rogatory to the appropriate Court in Switzerland with a request for permission to orally examine and cross-examine the witnesses.

Rule 28 of the said rules authorizes this Court to issue commissions or letters rogatory in connection with obtaining evidence in a foreign country. See also Vol. 4, Moore's Federal Practice, Second Edition, pages 1907–1921 and Vol. 3, Benedict on Admiralty, Sixth Edition, Section 400. In general, a commission may be resorted to where the law of the particular foreign country permits the taking of the testimony in accordance with the law of the jurisdiction from which it emanates, whereas the procedure for the taking of testimony under letters rogatory is governed by the law of the foreign country wherein the prospective witnesses reside.

The movant has submitted a letter from the United States Department of State, dated September 19, 1957, setting forth the procedure in effect in Switzerland. It seems that the testimony of witnesses residing therein, for use in another country, may only be taken by interrogatories, forwarded to the appropriate Swiss Court through diplomatic channels. This is the relief requested by the movant.

The motion is granted.

Settle order on notice.