Mohammad Rahim MOEZIE, Appellant,

v.

Gowhar Taj MOEZIE, Appellee.

No. 3227.

District of Columbia Court of Appeals.

Argued May 20, 1963.

Decided July 12, 1963.

Cyrus A. Ansary, Washington, D. C., for appellant.

Edward J. McGrath, Washington, D. C., for appellee. Edwin Jason Dryer, Washington, D. C., also entered an appearance for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This was a suit by the husband for an absolute divorce on the ground of five years' voluntary separation.[1] The wife, after filing her answer which contained a cross-complaint for an absolute divorce on the ground of two years' desertion,[2] filed a motion and affidavit for temporary maintenance and support. The motion also requested support for a child of the parties living with the wife. Procedural difficulties have delayed a decision on the motion for over two years, primarily because the parties are Iranian citizens—the husband resides in the District of Columbia while the wife resides in Tehran, Iran.

The facts are as follows. At a pretrial hearing in October 1962 counsel for the husband objected to the wife's motion on the grounds that her list of expenses accompanying her financial statement was incomplete and that her affidavit was un-verified. At the close of the hearing, the trial judge ruled that the case would be continued until the following December at which time the wife would be required to produce the omitted items of expense. He further ruled that these items could be produced "either by way of deposition, or

1. Code 1961, 16–403.

2. Code 1961, 16–403.

statement which may be sworn to." Nevertheless, either method of production overlooked a letter in the record from the American consul in Tehran to the wife which read in part:

> "This letter will confirm to you the fact that this office is unable to comply with your request for notarial action * * * United States Consular Officers are not permitted to take depositions in Iran." [3]

■ Counsel for the husband, however, was permitted to proceed, and an order was drawn which chose verification as the method of producing the missing items. Counsel for the wife objected, and after further motions, objections and another hearing, the trial court entered an order on December 21, 1962, from which this appeal was taken. This order required the husband to pay, subject to the trial court's approval and allowance, the transportation and other costs to be incurred by the wife's counsel in traveling to Iran to take the wife's deposition. The order was based on the original finding that the wife's financial statement was incomplete, and an additional finding that the wife's deposition was necessary for the purpose of providing evidence since it appeared she was seriously ill and unable to travel to the United States. Because the record reveals that this additional finding was based purely on hearsay testimony, we hold that it was erroneously included in the trial court's order.

■ After this appeal was perfected, the wife filed a motion to dismiss alleging that the appeal was interlocutory in nature. We denied her motion. On the merits, the husband's principal contention is that the order is manifestly unjust and an abuse of discretion in that less expensive methods of obtaining the required data are available.

A motion was filed in this court by the wife to expedite the transmission of record on appeal. Attached to the motion in opposition thereto was a letter dated January 15, 1963, to counsel for the husband from an official of the State Department which reads as follows:

> "Confirming our conversation of January 12, 1963, the Department perceives no basis for the refusal by the American consular officer at the American Embassy in Iran to notarize the Answer and Cross-Complaint for Absolute Divorce which Mrs. Moezie reportedly wished to execute before him. The authority of American consular officers to perform notarial acts is provided for in Title 22, Sections 1195 and 1203, of the United States Code. The exercise of the authority in a foreign country requires the consent of the authorities of that country.

> "With regard to the administering of an oath by an American consular officer in Iran in connection with the taking of a deposition in that country, the Iranian Ministry of Foreign Affairs has taken the position that it is 'inconsistent with the principles of Iranian law' for consular officers stationed in Iran to take testimony. This prohibition extends to a deposition in which the consular officer swears the witnesses who are then examined by the parties or their attorneys to the action. It is therefore necessary that testimony in Iran for use in the United States be taken through the instrumentality of letters rogatory.

> "Letters rogatory for execution in Iran should be addressed to 'The Appropriate Judicial Authority in Iran' and should be forwarded to the De-

---

3. This letter was not included in the record on appeal, but pursuant to our Rule 32 (c) we sent for and examined the file of the trial court and found the letter therein. See United States Auto. Ass'n v. Alexander Film Co., D.C.Mun.App., 93 A.2d 770, 771 (1953).

partment for transmission to Iran through diplomatic channels. Each set of letters, including all attached documents, should be accompanied by a complete translation into the Farsi language.

"In order to defray expenses incident to the execution of the letters rogatory, you should send with the documents a certified check or bank draft for $60.00, made payable to 'The American Embassy, Tehran, Iran.'

"It should be pointed out that even with the use of letters rogatory addressed to Iranian courts, there can be no assurance that the desired testimony will be forthcoming with respect to civil cases, because the law of Iran does not permit compulsory testimony in civil matters."

In view of this letter, it appears that the usual method of discovery by deposition is not available in this case.[4] It further appears that the refusal of the American consul to provide a notarial service for the wife was error, and that this error could be corrected through the proper diplomatic channels. Since it will be possible to proceed on the wife's motion when she submits a verified and more complete statement of her financial picture, we remand the case to the trial court with instructions to determine the proper notarial powers of the American consul in Tehran, and thereafter, to enter an appropriate order. We are also of the opinion that the proper method of obtaining further evidence in the case will be by written interrogatories and cross-interrogatories under letters rogatory.[5]

Reversed and remanded for proceedings consistent with this opinion.

4. See United States v. Paraffin Wax, 2255 Bags, 23 F.R.D. 289, 290 (E.D.N.Y. 1959).

5. Code 1961, 14–201; Rule 28(b) of the District of Columbia Court of General Sessions which is identical with Fed.R. Civ.P. 28(b); Hutchins v. Hutchins, 41

App.D.C. 367 (1914); United States v. Paraffin Wax, 2255 Bags, supra note 4; Wheeler v. West India S.S. Co., 11 F.R.D. 396 (S.D.N.Y.1951); Ali Akber Kiachif v. Philco International Corp., 10 F.R.D. 277 (S.D.N.Y.1950). See 4 Moore's Federal Practice 1907–1921 (2d ed. 1962); 46 Iowa L.Rev. 619 (1961).