**Herbert K. ZASSENHAUS and Charlotte S. Zassenhaus, Appellants,**

v.

**The EVENING STAR NEWSPAPER CO., Appellee.**

**No. 21273.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 26, 1968.

Decided Sept. 10, 1968.

Petition for Rehearing Denied Nov. 5, 1968.

Mr. Michael Nussbaum, Washington, D. C., with whom Messrs. Leonard Braman and Earl H. Davis, Washington, D. C., were on the brief, for appellants.

Mr. Cornelius H. Doherty, Washington, D. C., for appellee.

Before BAZELON, Chief Judge, and McGOWAN and ROBINSON, Circuit Judges.

PER CURIAM:

In controversy on this appeal is the scope of judicial discretion to deny a request, pursuant to Rule 28(b) of the Federal Rules of Civil Procedure,[1] for the issuance of a commission or a letter rogatory in aid of efforts to secure the testimony of a foreign witness for use in a domestic civil trial.

Appellants, husband and wife, seek damages for personal injuries to the husband and loss of consortium to the wife allegedly caused by negligence for which appellee bears a potential responsibility. The husband's injuries were sustained in a fall when he tripped over a wire that had been left on a sidewalk along which he was traveling. The wire, so appellants aver, had bound a bundle of appellee's newspapers deposited nearby for delivery, and had been removed and carelessly discarded on the sidewalk.

A critical witness for appellants is one Henry Maung, who then was appellee's carrier on the route covering the point of injury. On January 9, 1961, when the accident occurred, Maung, a 12-year old national of the Union of Burma, resided in the District of Columbia with his family while his father served as a military attache to the Burmese embassy. In March of that year, Maung gave appellants a statement concerning his carrier activities which favored appellants' litigative theory,[2]

but their suit was not filed until early 1963. The case was reached for pretrial in October, 1965, and trial was set for early 1966. It was then that the difficulty eventuating in this appeal came to light.

Counsel for appellants had been informed that the Maung family would remain in the District until 1968, and for that reason Henry Maung's deposition was not taken. In April, 1966, however, appellants learned that the family had returned to Burma about three months earlier without leaving a forwarding address. After several months of searching appellants obtained a business address for the Maungs in Rangoon, and on October 27, 1966, dispatched a registered letter, with a copy of Maung's statement, to his father. After the letter was neither answered nor returned, appellants inaugurated a series of efforts looking forward to arrangements, including compulsory process, by which Maung's testimony would be procured.

On January 5, 1967, appellants petitioned the District Court for a *dedimus potestatem* [3] directed either to the American ambassadorial officials in Rangoon or "to The Appropriate Judicial Authority in Burma" authorizing Maung's examination on written interrogatories. This the court denied without prejudice to renewal "if good cause can be shown for delay in taking deposition." Four

---

1. F.R.Civ.P. 28(b) provides for the taking of depositions in foreign countries. Three methods by which such depositions may be taken are specified:

   "(1) on notice before a person authorized to administer oaths in the place in which the examination is held, either by the law thereof or by the law of the United States, or (2) before a person commissioned by the court, and a person so commissioned shall have the power by virtue of his commission to administer any necessary oath and take testimony, or (3) pursuant to a letter rogatory."

   The effectiveness, and even the availability of a particular method depends largely upon the law of the foreign country in which the deposition is to be taken. Some nations do not permit depositions

   through the notice or commission procedures; in these, only the letter rogatory may be used. Moreover, the "notice" method has an additional drawback: since, unlike the commission and the letter rogatory, it does not itself embrace compulsory process, the witness must appear voluntarily or the practice in the foreign country must be such as to afford such process in aid therefor. See 4 Moore, Federal Practice ¶¶ 28.04 at 1923, 28.05 at 1929–31 (2d ed. 1967).

2. Appellee has a "directly opposite" statement from Maung.

3. This is the common law equivalent of a commission to take testimony. See Sergeant's Lessee v. Biddle, 17 U.S. (4 Wheat.) 246 [508], 4 L.Ed. 627 (1819), and see note 1, *supra*.

days later appellants' counsel filed an explanatory affidavit and moved for the *dedimus potestatem* or alternatively for leave to examine Maung pursuant to a letter rogatory.[4] The court responded with an order allowing appellants to take Maung's testimony on written interrogatories and providing for the issuance of a commission therefor.[5] Two days later, however, the court vacated this order and entered a new order changing the mode of examination from interrogatories to oral deposition,[6] and specifying that the deposition be filed by April 10, but omitting the earliest provision for issuance of a commission.

Appellants then engaged an attorney in Rangoon for purposes of the deposition, but for more than two months he was unable to locate young Maung. On April 7, the District Court extended to May 17 the period for completing Maung's deposition, but denied appellants' plea for "a letter of request" to the Chief Court of the Union of Burma to facilitate Maung's appearance.[7]

On April 24, a notice was finally served on Maung for the taking of his deposition on May 6, but he failed to appear.[8] On May 23, the District Court continued the trial to June 2,[9] its order providing "that no further continuance shall be granted in this case." Then, on June 5, appellants sought removal of the case from the ready calendar, and requested the issuance of a letter rogatory as had been specified in the order vacated nearly six months earlier. The motion was denied, and despite appellants' protest that without Maung's testimony they could not proceed to trial, on the next day the action was formally dismissed with prejudice.[10]

We note initially that this is not the usual case of dismissal for failure to prosecute, either under the District Court's Rule 13[11] or Federal Civil Rule 41,[12] or pursuant to an inherent judicial power.[13] Notwithstanding the rather protracted history of this litigation, we do not perceive any lack of diligence on appellants' part, and as late as April, 1967, the District Court had in effect so held.[14] It is evident from the record that after the case was alerted for trial, the

4. See note 1, *supra.* See also Hutchins v. Hutchins, 41 App.D.C. 367, 373 (1914); Moezie v. Moezie, 192 A.2d 808 (D.C. App.1963).

5. See note 1, *supra.*

6. This change followed appellee's request that Maung's testimony be obtained by deposition rather than by interrogatories.

7. The "*letter of request*" was the suggestion of appellants' Burmese attorney. And see 28 U.S.C. § 1781(a) (2), (b) (2).

8. In lieu of an appearance, Maung sent to the notary a letter in part stating that "[s]ince six years had passed, I cannot quite remember the details other than those already stated in the previous statements."

9. This continuance was on appellants' motion occasioned by the temporary absence of the husband-appellant from the United States in connection with his employment.

10. When, on June 5, 1967, the District Court rejected appellants' final plea for a letter rogatory, their counsel remarked that they were unable to proceed without it "so the case may be dismissed." As

we have stated, the court obliged, dismissing the action with prejudice. Appellee has argued that this disposition is not a final judgment from which an appeal will lie under 28 U.S.C. § 1291, but we disagree with this contention. The dismissal, though perhaps in a very loose sense solicited by appellants, was not voluntary; it was a reaction to the court's refusal to assist them in obtaining indispensable testimony. The order of dismissal, being "with prejudice" and finally disposing of the action, is appealable here. United States v. Proctor & Gamble, 356 U.S. 677, 680–681, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

11. Local Rule 13 of the U.S. District Court of the District of Columbia. See also Newberry v. Cohen, 126 U.S.App. D.C. 106, 374 F.2d 320 (1967).

12. F.R.Civ.P. 41(b). See also Rankin v. Shayne Bros., Inc., 108 U.S.App.D.C. 47, 280 F.2d 55 (1960).

13. See Slavitt v. Meader, 107 U.S.App.D.C. 396, 278 F.2d 276 (1960).

14. The order of January 9, 1967, awarding a commission for interrogatories to

offending circumstance was the unavailability of Henry Maung's testimony.

The question, then, is simply whether the District Judge erred in refusing judicial collaboration under Rule 28(b) to appellants' repeated but unsuccessful efforts to acquire that testimony. We think the answer is apparent from the rule itself, which states in pertinent part that:

"A commission or a letter rogatory shall be issued on application and notice and on terms that are just and appropriate. It is not requisite to the issuance of a commission or a letter rogatory that the taking of the deposition in any other manner is impracticable or inconvenient; and both a commission and a letter rogatory may be issued in proper cases."

This language was inserted by the 1963 amendment, prior to which the notice procedure had been preferred and some courts had been unwilling to issue commissions or letters rogatory unless it was impossible or impractical to obtain the testimony in any other way.[15] As the Advisory Committee states, the purpose of the amendment was "to overcome this judicial antipathy and to permit a sound choice between depositions under a letter rogatory and on notice or by commission in the light of all the circumstances."[16]

While there are situations in which it may be proper to refuse the issuance of a commission or letter rogatory,[17] this is not one of them. The evidence appellants desire may be vital to their case[18] if it can be made producible at the trial, and the sole obstacle to that end is the apparent reluctance of Henry Maung to yield to the demand for his deposition.[19] The District Court has not suggested, nor have we fathomed, any good reason for denying them the judicial assistance they so persistently sought to dissolve their manifest dilemma.[20]

■ We reverse the judgment appealed from and remand with directions to reinstate the case and issue an appropriate commission or letter rogatory for appellants' use in obtaining the testimony of Henry Maung.

*Reversed and remanded.*

Henry Maung, stated that it was premised in part upon "good cause shown as to due diligence in attempts to locate said witness. * * *" The substitutionary order of January 11 continued the case and permitted appellants to take Maung's deposition. The April 7 order stated that it was entered "for good cause shown," and by it the court again continued the case to allow appellants additional time to obtain the missing testimony.

15. See 4 Moore, Federal Practice ¶¶ 28.03 at 1922, 28.06 at 1935–37, 1940 (2d ed. 1967).

16. 1963 Advisory Committee's Note to F.R.Civ.P. 28(b).

17. See, e. g., Oscar Gruss & Son v. Lumbermens Mutual Cas. Co., 41 F.R.D. 279 (S.D.N.Y.1966).

18. This is so notwithstanding Maung's assertion that he lacks present recollection of the circumstances of the accident. At the very least, his letter to the Burmese notary, see note 8, supra, denoted his adherence to his previous written statements and, with a proper foundation laid by his deposition, the statement he furnished appellants would become admissible in evidence at the trial as a memorandum of past recollection recorded. See Shokuwan Shimabukuro v. Higeyoshi Nagayama, 78 U.S.App.D.C. 271, 274, 140 F.2d 13, 16 (1944); 3 J. Wigmore, Evidence § 734 (3d ed. 1940). More importantly, appellants were entitled to test Maung's claimed lack of present recollection by an examination on oral deposition.

19. Appellants' showing in this regard is sufficient. As the Advisory Committee states:

"A letter rogatory may also be preferred when it cannot be demonstrated that a witness will be recalcitrant or when the witness states that he is willing to testify voluntarily, but the contingency exists that he will change his mind at the last moment."

1963 Advisory Committee's Note to F.R. Civ.P. 28(b).

20. It appears that compulsory process for Maung's attendance would have issued under Burma law had either a commission or a letter rogatory issued from the District Court. XII Burma Code Order XXVI, Rule 27.