James L. TREADWELL, Jr., and Deborah Treadwell, Plaintiffs,

v.

Charlene KENNEDY and the George Developers, Defendants.

No. 86–3098.

United States District Court, C.D. Illinois, Springfield Division.

March 10, 1988.

Stuart Dobbs, Springfield, Ill., for plaintiffs.

Drach & Defenbaugh, P.C., Springfield, Ill., for defendants.

## OPINION

RICHARD MILLS, District Judge:

A question of appealability.

This matter is before the Court on Plaintiffs' uncontested motion for entry of final

judgment in favor of Defendants so that Plaintiffs may appeal an order for a new trial entered pursuant to Fed.R.Civ.P. 59.

We deny the motion.

The simple fact is that the District Court has no power to expand the means by which the Circuit Court obtains jurisdiction to review interlocutory orders.

## I

James and Deborah Treadwell, a black male and white female, brought this lawsuit pursuant to 42 U.S.C. § 1982 against The George Developers and its leasing agent, Charlene Kennedy, alleging Defendants' racially motivated refusal to rent them an apartment. The Court bifurcated the issue of liability from that of damages, and on May 27, 1987, the cause proceeded to trial.

Both litigants presented ample evidence to support their respective positions. Defendants painted a picture of a financially unsound couple who were turned down due to a likely inability to pay rent, while Plaintiffs attempted to show rejection on grounds of race alone. The question of the various witnesses' credibility was undeniably for the jury. After hearing six days of conflicting testimony concerning the reasons for Defendants' reluctance to lease the couple a unit, the fact-finder returned a verdict of liability. The panel then reconvened to consider Plaintiffs' loss.

During this second phase of the litigation, Deborah's sister-in-law, Julie Johnson, came forward with previously undiscovered evidence. Among other things, Deborah had told Julie prior to suit that Defendants had not discriminated against Plaintiffs and the idea to pursue the claim was James' father. Deborah's brother and father confirmed her statements.

Defendants moved to reopen the trial's liability portion as a result of the admission. This Court found, however, that reopening the fault issue would overemphasize the evidence to a jury which had previously deliberated, and thus be unduly prejudicial to the Treadwells. Suit continued on the damage inquiry including the testimony of the three family members. The jury awarded compensation of $400 and $200 to James and Deborah respectively.

Shortly thereafter, Defendants moved for a new trial on the basis of the newly discovered evidence. Reasoning that the evidence, as an admission of a party-opponent under Fed.R.Evid. 801(d)(2), supported the validity of Defendants' nondiscriminatory justification for their unwillingness to lease Plaintiffs an apartment, *see Phillips v. Hunter Trails Comm. Assoc.*, 685 F.2d 184, 190 (7th Cir.1982) (once plaintiff meets *prima facie* case under § 1982, burden shifts to defendant to articulate nonracial reasons for its actions), the Court allowed the motion and granted a new trial on the issue of liability. Fed.R.Civ.P. 59(a) (new trial may be granted on all or part of issues).

[T]he testimony of Deborah's sister-in-law, brother, and father may likely tip the scales in favor of Defendants. Of course, that it will do so is not certain. But as the Seventh Circuit has stated: "It is the [trial judge's] right, and indeed his duty, to order a new trial if he deems it in the interest of justice to do so." *Juneau Square Corp. v. First Wisconsin Nat'l Bank of Milwaukee*, 624 F.2d 798, 807 n. 11 (7th Cir.), *cert. denied*, 449 U.S. 1013 [101 S.Ct. 571, 66 L.Ed.2d 472] (1980), *quoting*, 11 C. Wright & A. Miller, Federal Practice & Procedure § 2803 (1973).

*Treadwell*, No. 86–3098 at 5 (C.D.Ill. Aug. 28, 1987). Plaintiffs' motion for entry of final judgment followed.

## II

From the inception of the Federal Judiciary Act of 1789, Congress has deemed it appropriate that, with certain exceptions, appellate review should await a final judgment of the trial court, and has restricted jurisdiction accordingly. *See generally* Note, *Appealability in the Federal Courts*, 75 Harv.L.Rev. 351 (1961). Today, the final judgment rule is codified at 28 U.S.C. § 1291: "The Court of Appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States...." The statutory excep-

tions to the rule are found in 28 U.S.C. § 1651 (federal courts may issue all writs necessary and appropriate in aid of their jurisdiction), 28 U.S.C. § 1292 (providing for appeal of certain interlocutory orders by right and others at discretion of both trial and appellate courts), and Fed.R.Civ.P. 54 (in actions involving multiple claims or parties, court may direct entry of final judgment as to fewer than all claims or parties). A fourth judge-made exception first enunciated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), is the collateral orders doctrine. That doctrine, which courts have narrowly interpreted, applies to " 'orders which finally determine' controversies in a case that are 'separable from, and collateral to, rights asserted in the action' and which are 'too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred.' " *Weit v. Continental Illinois Nat'l Bank & Trust Co.*, 535 F.2d 1010, 1014 (7th Cir.1976), *quoting Cohen*, 337 U.S. at 546, 69 S.Ct. at 1226.

Since the ruling for a new trial at issue here does not dispose of any claim or party within the meaning of Rule 54, *see Acha v. Beame*, 570 F.2d 57 (2d Cir.1978), or present a question of general importance beyond the concern of the litigants as required for a collateral order, *see Weit*, 535 F.2d at 1015, those two avenues of review are unavailable to Plaintiffs. The Supreme Court has also determined that the Circuit Court may not acquire jurisdiction to inspect a new trial order through a litigant's request for a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Consequently, this Court is left to decide whether it may properly enter final judgment upon its order with the consent of both parties, or whether Plaintiffs must pursue an appeal via the certification procedures of 28 U.S.C. § 1292(b).

### III

■ That an order granting a new trial is not final and appealable as of right under 28 U.S.C. § 1291 is well established.

*Seltzner v. R.D.K. Corp.*, 756 F.2d 51, 52 (7th Cir.1985); *Juneau Square Corp. v. First Wisconsin Nat'l Bank of Milwaukee*, 624 F.2d 798, 806 (7th Cir.), *cert. denied*, 449 U.S. 1013, 101 S.Ct. 571, 66 L.Ed. 2d 472 (1980). Only after a second trial and entry of final judgment can an appellate court generally consider the propriety of the order. *Seltzner*, 756 F.2d at 52; *Juneau*, 624 F.2d at 806. Section 1292(b) of Title 28, however, provides an exception to this rule of law where both the trial and appellate courts consent to appeal:

> When a district judge, in making in a civil action an order not otherwise appealable ... shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order....

Yet, Plaintiffs in this instance have declined to proceed in accordance with what appears to be the applicable provision. Instead, they assert that because the length and expense of another trial on the question of liability is unwarranted in light of the $600 verdict, the parties are properly acquiescing to final judgment under § 1291 to ripen the Court's order for review.

Plaintiffs' analysis is misguided.

■ The Court begins its analysis by noting that the litigants' agreement is of no import: "The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties." *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951). *Accord Brown Shoe Co. v. United States*, 370 U.S. 294, 305, 82 S.Ct. 1502, 1512, 8 L.Ed.2d 510 (1962). If this were not so, any interlocutory order entered at

the discretion of the trial judge would be subject to immediate scrutiny in contradiction of the policy against piecemeal review. *Cf. Allied Chemical*, 449 U.S. at 36, 101 S.Ct. at 191.

For the same reason, the District Court cannot test the validity of an interlocutory decision by simply stamping it as final and appealable. Congress has determined that the appealability of such orders should depend upon certain exceptions to the final judgment rule. It is beyond this Court's power to broaden the scope of appellate review. *See Allegheny Airlines, Inc. v. LeMay*, 448 F.2d 1341, 1346 (7th Cir.), *cert. denied*, 404 U.S. 1001, 92 S.Ct. 565, 30 L.Ed.2d 553 (1971).

The authority on which Plaintiffs rely is not to the contrary. In *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361 (D.C.Cir.1968), the trial court involuntarily dismissed the complaint, presumably under Fed.R.Civ.P. 41(b), because of plaintiff's failure to complete discovery, and thus rendered a final appealable order:

> When ... the District Court rejected appellants' final plea for a letter rogatory, their counsel remarked that they were unable to proceed without it "so the case may be dismissed." As we have stated, the court obliged, dismissing the action with prejudice. Appellee has argued that this disposition is not a final judgment from which an appeal will lie under 28 U.S.C. § 1291, but we disagree with this contention. The dismissal, though perhaps in a very loose sense solicited by appellants, was not voluntary; it was a reaction to the court's refusal to assist them in obtaining indispensible testimony. The order of dismissal, being "with prejudice" and finally disposing of the action, is appealable here.

*Id.* at 1363 n. 10. Likewise, the District Court in *United States v. Proctor & Gamble*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), dismissed the lawsuit pursuant to Rule 41(b) as a sanction for the Government's failure to comply with discovery demands.

This controversy is also unlike *Thomsen v. Cayser*, 243 U.S. 66, 37 S.Ct. 353, 61 L.Ed. 597 (1917), cited by Plaintiffs. In that case, the court of appeals held that the jury's verdict finding defendants in violation of antitrust law was unreasonable. The court decided, however, that since plaintiffs had presented their case under a standard of proof previously recognized but thought to have been recently rejected by the Supreme Court, a remand with directions to dismiss would be unduly prejudicial, and ordered a new trial instead. Subsequently, a rehearing was granted at which the court, upon plaintiffs' request, vacated the mandate for another trial and reversed the judgment outright. The Supreme Court then considered only whether the initial verdict was proper. In contrast to *Thomsen*, the record here—replete with its questions of credibility—will not allow the Court to strike the order for a new trial and enter a judgment notwithstanding the verdict in favor of Defendants from which Plaintiffs could appeal.

### IV

The legislative history of 28 U.S.C. § 1292(b) reflects that Congress intended the statute to apply when an appeal from an interlocutory ruling might avoid "protracted and expensive" litigation. H.R. Rep. No. 1667, 85th Cong., 2d Sess. 2, 5, 11 (1958). Nevertheless, the Treadwells, who according to their counsel have no money, have not even seen fit to request permission to appeal under § 1292. But this is the path Congress has determined they must follow. If their request is refused, this Court can only hope that counsel will recognize the entire purpose underlying the fee provision contained in 42 U.S.C. § 1988, and applicable to § 1982 suits, is to encourage lawyers to pursue vigorous enforcement of civil rights laws despite the likelihood of slight monetary damages for their clients. *City of Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 2695–96, 91 L.Ed. 2d 466 (1986); *Coates v. Bechtel*, 811 F.2d 1045, 1049 (7th Cir.1987).

*Ergo*, Plaintiffs' motion for final judgment in favor of Defendants is DENIED. If Plaintiffs have not moved for § 1292 certification of the new trial order within

14 days, this cause shall be referred to the United States Magistrate for rescheduling purposes.

SO ORDERED.